IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2022 OCT 20 PH 4: 03
OFFICE OF THE CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW ISAAC ABRAMS,<br><br>    Defendant. | 8:21CR145<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Steven A. Russell, Acting United States Attorney and Lesley Woods, Assistant United States Attorney, and defendant, ANDREW ISAAC ABRAMS, and, Jeffrey L. Thomas counsel for defendant, as follows:

## I
## THE PLEA

A.     CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count I of the Indictment. Count I charges a violation of Title 18, United States Code, Section 875(c), transmitting threats in Interstate Commerce, specifically, through calling Union Pacific and making threats via a cellphone.

B.     In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows: The United States will move to dismiss the remaining counts at the time of sentencing.

## II
## NATURE OF THE OFFENSE

A.     ELEMENTS EXPLAINED.

Count I

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

    1.     One, on or about April 23, 2021, the defendant knowingly sent the communication charged in the indictment in Count I and a reasonable person would view the communication as containing a true threat to kidnap or injure another person; and

1

2. Two, the communication was sent in interstate commerce from the State of Arizona to the State of Nebraska.

3. Three, the defendant sent the communication for the purpose of issuing a true threat, specifically a threat that a moving truck loaded with explosive material would be parked near the Union Pacific Railroad Company building on Dodge Street in Omaha, Nebraska and with knowledge that the communication would be viewed as a true threat.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. On or about April 23, 2021, the defendant, Andrew Isaac Abrams contacted Union Pacific Railroad Security, in Omaha, Nebraska, from the phone number (520) 500-3614 stating that a moving truck loaded with two tons of explosive material was parked near their building. As a precaution the building was evacuated and Union Pacific Railroad sent their employees home for the day. Law enforcement also dedicated resources to investigating the validity of the threat. This is the basis of Count I of the Indictment.

2. On or about April 23, 2021, the defendant contacted Douglas County Civic Center and Courthouse, in Omaha, Nebraska, from the phone number (520) 500-3614. The Omaha City Clerk's Office was contacted. The female employee who took the phone call stated that when her phone rang she saw the name Abrams, Andrew show up on the caller id. The female employee stated she answered the call after seeing the caller id and a male caller stated that he had parked a Ryder truck filled with explosives in front of Union Pacific. The female employee said the male caller went on to state "You guys are killing us, that's why I'm going to blow up the civic center too!" The male caller then disconnected the phone call. The female employee attempted to get the phone number of the caller off the phone and accidentally called the number back, where she could see the number was (520) 500-3614. This is the basis of Count II of the Indictment.

3. On or about April 23, 2021, the defendant contacted Central High School, in Omaha, Nebraska, and left a voicemail on the school's voicemail stating that there would be bombs and shooters in the Elkhorn, Westside, Central and Millard Schools in Omaha and mentioning the Union Pacific Railroad Headquarters. This is the basis of Count III of the Indictment.

4. On or about April 23, 2021, a female employee of Eppley Airfield, located in Omaha, Nebraska, stated that she received a phone call that came up as "Anonymous" on her caller id. The female employee answered the phone call and she could hear a male caller saying "blowing up airplanes", and mentioning several of the airlines, the only one she could specifically remember was Southwest airlines. The female employee did not speak the male caller but instead tried to transfer the call directly to the airport police number. The female employee later learned that the call never transferred and the male must have hung up. This is the basis of Count IV of the Indictment.

5. Investigators served a subpoena for (520) 500-3614, and the subscriber for the phones was a Andrew I. Abrams located in Tuscon, Arizona. On April 29, 2021, a Task Force Officer who was familiar with Andrew Abrams' voice from past interactions called Abrams at that number and recognized the voice as that of the defendant. The speaker also identified himself as the defendant. The Task Force Officer advised Abrams that a welfare check was requested due to bomb threats sent to Omaha, Nebraska. The defendant advised Task Force Officers that several locations in Omaha, Nebraska received bomb threats from his phone number (520) 500-3614. The defendant denied making the phone calls and stated that "he did not know how someone could use his phone to make these calls." The Task Force Officer confirmed with the defendant that his telephone number was (520) 500-3614 and the defendant confirmed it was. During the conversation the defendant stated he may have called or sent an email to the railroad several weeks ago because he used their railway in the past.

11. On May 13, 2021, the FBI arrested the defendant and executed a search warrant on the defendant's apartment where Task Force Officers located the cellphone that was used by the defendant to make the threats. The Task Force Officers reviewed the call records for the cellphone, and found the following phone calls:

a. 402-544-5000 – 08:17hrs lasting 63 seconds. This number is the main phone number for Union Pacific Railroad located at 1400 Douglas Street, Omaha, Nebraska.

b. 402-444-5700 – 0837hrs lasting 57 seconds. This number is the main phone number for the Omaha Fire Department, located at 1516 Jackson Street, Omaha, Nebraska.

c. 402-444-5550 – 0846hrs lasting 31 seconds. This number is the number for the Omaha Airport Authority (Eppley Airfield) located in Omaha, Nebraska.

    d. (531) 299-2660-0851hrs. This number is the number for Omaha Central High School located at 124 N. 20th Street, Omaha, Nebraska.

## III
## PENALTIES

A.  COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

  1.  A maximum 5 years in prison;

  2.  A maximum $250,000 fine;

  3.  A mandatory special assessment of $100 per count; and

  4.  A term of supervised release of not more than three (3) years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

  5.  Possible ineligibility for certain Federal benefits.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## SENTENCING ISSUES

A.  SENTENCING AGREEMENTS.

 1. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a sentence no greater than eighteen (18) months. This negotiated agreement resolves all issues related to the case and is the appropriate disposition.

 2. The Defendant acknowledges restitution will be ordered as a part of the sentence in this case, and the Defendant agrees the Court may order restitution to all persons or organizations for loss or harm directly and proximately caused by the Defendant's relevant conduct regardless whether that person or organization is a victim of the offense of conviction. Defendant agrees to

pay and to be jointly and severally liable, with other defendants named in the Indictment, for all restitution ordered by the Court to be paid.

      3. The Defendant understands that a schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on methods, available to the United States to enforce the judgment. If incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless whether the Court specifically directs participation or imposes a payment schedule. Pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. The Defendant agrees to provide all of Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam.

    B.    ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will <u>not</u> recommend any adjustment for Acceptance of Responsibility if defendant:

    1.    Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
    2.    Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
    3.    Fails to appear in court, or
    4.    Engages in additional criminal conduct, or
    5.    Attempts to withdraw the guilty plea, or
    6.    Refuses to abide by any lawful court order, or
    7.    Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C.    ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

      The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and

sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.  CRIMINAL HISTORY.

The parties have no agreement concerning criminal history.

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may

prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties

## X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
STEVEN A. RUSSELL
United States Attorney

10/20/2022
Date

LESLEY A. WOODS
ASSISTANT U.S. ATTORNEY

03/05/22
Date

ANDREW ISAAC ABRAMS
DEFENDANT

8/5/2022
Date

_____
JEFFREY L. THOMAS
COUNSEL FOR DEFENDANT

9